UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-CV-00357-CMA-MLC

WILDEARTH GUARDIANS,

    Plaintiffs,

v.

COLORADO SPRINGS UTILITIES, COLORADO SPRINGS UTILITY BOARD, and CITY OF COLORADO SPRINGS,

    Defendants.

## CONSENT DECREE

WHEREAS, WildEarth Guardians ("WG" or "Plaintiff") brought this action against Colorado Springs Utilities, the Colorado Springs Utilities Board, and the City of Colorado Springs (collectively "Defendants") under the Clean Air Act (the "Act") Section 304, 42 U.S.C. § 7604, for civil penalties, declaratory and injunctive relief, and costs and fees;

WHEREAS, in its Amended Complaint, Plaintiff alleges that beginning in April 2011, Defendants violated and continued to violate the Clean Air Act and its implementing regulations, Utilities' Clean Air Act Title V operating permit for Martin Drake, and the Colorado State Implementation Plan ("SIP") by failing to ensure continuous opacity monitoring at the Martin Drake Plant;

WHEREAS, Defendant has denied and continues to deny the violations alleged in the Amended Complaint, maintains that it has been and remains in compliance with the Act and is not

63285918.1

liable for civil penalties, declaratory, or injunctive relief, and nothing herein shall constitute an admission of liability;

WHEREAS, the Plaintiff and Defendants (collectively the "Parties") desire to settle all matters by Consent Decree and avoid the costs, delay, and uncertainty of litigation;

WHEREAS, the Parties anticipate that the installation and operation of new Continuous Opacity Monitoring Systems ("COMS") on Drake Units 6 and 7 will address any violations alleged in Plaintiff's Amended Complaint;

WHEREAS, the Parties agree that time will be required to install and operate the new COMS; and

WHEREAS, the Parties have agreed, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated in good faith and at arm's length and that this Consent Decree is fair, reasonable, in the public interest, and consistent with the goals of the Act.

NOW, THEREFORE, without any admission of fact or law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and the Parties consenting hereto, under Section 304 of the Act, 42 U.S.C § 7604 and under 28 U.S.C. §§ 1331 and 1335.

2. Venue is proper in this Judicial District under Sections 304(c) of the Act, 42 U.S.C. 7604(c) and under 28 U.S.C. §§ 1391(b) and 1395.

3. Except as provided in Section XII (Lodging and Entry of Decree) of this Consent Decree, the Parties consent to entry of this Consent Decree without further notice.

63285918.1

## II.  APPLICABILITY

4. Upon the Date of Entry, the provisions of this Consent Decree shall apply to and be binding upon the Parties, their successors and assigns, as well as their directors, officers, employees, servants, heirs, agents, and upon all persons, firms, corporations, and other entities who are, or will be, acting in concert or privity with, or on behalf of the parties to this action or their agents, employees, heirs, successors, and assigns and any person or party that is taking action on behalf of the United States, a State, governmental agency, or administrative body or who is asserting the rights of the environment or the citizens of Colorado Springs.

## III.  DEFINITIONS

5. Every term expressly defined by this Section shall have the meaning given that term herein.  Every other term used in this Consent Decree that is also a term used in the Act or in a federal regulation implementing the Act shall mean in this Consent Decree what such term means under the Act or those regulations.

"COMS" means a Continuous Opacity Monitoring System.

"Date of Entry" means the date this Consent Decree is approved or signed by the United States District Court Judge.

"Date of Lodging" means the date this Consent Decree is filed for lodging with the Clerk of the Court for the United States District Court for the District of Colorado.

"EIRP" shall mean an Electric Integrated Resource Plan, a long-term plan required by the Western Area Power Administration used by utilities to guide resource acquisition, conservation and demand-side management decisions to meet customer electric demand in the future.

"Utilities" shall mean Defendant Colorado Springs Utilities, an enterprise of the City of Colorado Springs, a Colorado municipal corporation and home rule city.

## IV.  REQUIREMENTS AND OBLIGATIONS OF THE PARTIES

6. On or before December 31, 2019, Utilities shall install two new COMS, one on Drake Unit 6 and the other on Drake Unit 7.

7. On or before August 31, 2020 Utilities Staff will complete its EIRP portfolio capacity expansion and production-cost modeling (the "Modeling"). The Modeling shall, at a minimum, include (as one part of the possible energy portfolios options considered by Utilities Staff and presented for potential adoption by the Colorado Springs Utilities Board) a 100 percent renewable energy portfolio for the years 2030, 2040, and 2050 (the "100 Percent Renewable Energy Portfolios"). Utilities Staff will provide Plaintiff with notification of the opportunity to review publically available and non-proprietary inputs, assumptions, and variables that are included in the 100 Percent Renewable Energy Portfolios. WG shall have 30 days from such notification to provide to Utilities any and all comments it may have concerning those inputs, assumptions, and variables.

8. Utilities Staff will present the three 100 Percent Renewable Energy Portfolios, along with other possible energy portfolio options, to the Utilities Board for its consideration and possible adoption as part of the EIRP. The purpose of presenting to the Board the three 100 Percent Renewable Energy Portfolios along with other possible energy portfolio options, is to provide the Board with a broad range of portfolio choices for its review and consideration. After choosing which portfolio to include in the EIRP, a Board vote on an EIRP will be scheduled to occur no

4

later than January 31, 2021.  The EIRP will then be filed with the Western Area Power Administration.

## V.  ENERGY EFFICIENCY PROJECTS

9. Utilities will provide the Energy Resource Center ("ERC") in Colorado Springs, Colorado with a $275,000 grant to fund free home energy efficiency audits and energy efficiency improvement projects to qualifying residents within Utilities' service area.  The grant funds will be distributed to the ERC in consultation with ERC based on its program needs.  The funds provided will be in addition to HEAP funding provided by Utilities to the ERC.  The projects will be administered by ERC through its established energy efficiency program including, but not limited to, free weatherization services, home efficiency assistance program, and other services aimed at reducing electrical usage, and promoting energy efficiency and energy-related health and safety.  The funded projects will take place within Utilities' service area in El Paso County, Colorado.  Utilities will request that ERC provide it with an ongoing accounting of projects funded using these grant monies so that Utilities can assure that the funds are used as described above.  Utilities will provide WG with a statement of funds provided to ERC and a summary of projects funded.

## VI.  NOTICES

10. Unless otherwise provided herein, whenever notifications, submittals, reports and other communications are required by this Consent Decree, they should be made electronically and directed to the individuals at the addresses specified below, unless those individuals give notice of change to the other Party in writing.  Electronic notices shall be deemed submitted on the date such notices are sent.

5

63285918.1

For WildEarth Guardians:

A. Nathaniel Chakeres
1322 Paseo de Peralta
Santa Fe, NM 87501
nat@coberlymartinez.com


Samantha Ruscavage-Barz
516 Alto Street
Santa Fe, NM  87501
sruscavagebarz@wildearthguardians.org

Jeremy Nichols
2590 Walnut Street
Denver, CO 80205
jnichols@wildearthguardians.org


For Defendants:

Colin Deihl
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
cdeihl@polsinelli.com

Mari Deminski
Office of the City Attorney – Utilities Division
30 S. Nevada Ave., Suite 501
P.O. Box 1575-510
Colorado Springs, CO 80947-0001
mdeminski@springsgov.com

## VII.  EFFECT OF SETTLEMENT

11. This Consent Decree represents full and final settlement between the Parties and resolves by way of release and settlement any and all civil claims, causes of action, demands, actions and/or rights of action, of whatever kind and nature that Plaintiff may have against Defendants, known or unknown, developed or undeveloped, that arose pursuant to opacity

monitoring requirements under Utilities' Title V permit and/or under the Clean Air Act or the Colorado State Implementation Plan arising out of an opacity emissions or monitoring at Drake Units 5, 6, or 7 prior to the Date of Entry of this Consent Decree.

12. The Parties explicitly agree that neither this Consent Decree, nor anything contained herein, constitutes an admission of liability.

13. Except as expressly stated herein, Plaintiff reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree and Defendant reserves the right to defend against the same.

14. The failure of any Party to comply with any requirement contained in this Consent Decree will not excuse the obligation to comply with other requirements contained herein.

## VII. ATTORNEY'S FEES AND COSTS

15. In compromise and satisfaction of the demand for attorney's fees and costs set forth in Plaintiff's Amended Complaint, Defendants have agreed that Plaintiff is entitled to recover certain reasonable fees and costs of litigation in this action including attorney and expert witness fees. Defendants shall make payment of those fees and costs within 30 days of the Date of Entry.

## VIII. MODIFICATION

16. Modifications of this Consent Decree must be in writing, signed by the Parties, and approved by the Court. No party may petition the Court for modification without first having made a good-faith effort to reach agreement with the other Parties on the terms of such modification.

63285918.1

## IX.  RETENTION OF JURISDICTION

17.     Until termination of this Consent Decree, this Court shall retain jurisdiction over both the subject matter of this Consent Decree and the Parties to the Consent Decree to enforce the terms and conditions of this Consent Decree.  Following termination, the Court shall retain jurisdiction to enforce the provisions and obligations set forth herein that are permanent.

## X.  ENFORCEMENT

18.     Enforcement of this Consent Decree shall be undertaken exclusively by the Court that enters this Consent Decree.  No other tribunal shall have jurisdiction over enforcement of this Consent Decree, except through a direct appeal provided by law from the orders of this Court.  Either Party may petition the Court to enforce the provisions and obligations set forth herein that are permanent.

## XI.  TERMINATION

19.     If Utilities provides notice to the Court and to Plaintiff that it has satisfied its obligations pursuant to Paragraph 6 related to installation of new COMS on Drake Units 6 and 7, this Consent Decree shall terminate with respect to such obligation after thirty days from such notice, unless Plaintiff disputes that Utilities has satisfied such obligations in which case this Consent Decree shall terminate with respect to Paragraph 6 upon resolution of the dispute.

20.     If Defendants provide notice to the Court and to Plaintiff that they have satisfied their obligations in Paragraphs 7 and 8 relating to preparation of the EIRP and presentation of the EIRP to the Utilities Board, this Consent Decree shall terminate with respect to such obligations after thirty days from such notice, unless Plaintiff disputes that Defendants have satisfied such

obligations in which case this Consent Decree shall terminate with respect to Paragraphs 7 and 8 upon resolution of the dispute.

## XII.  LODGING AND ENTRY OF DECREE

21.     The Parties agree to cooperate in good faith in order to obtain the Court's review and entry of this Consent Decree.

22.     Pursuant to 42 U.S.C. § 7604(c)(3), this Consent Decree will be lodged with the Court and simultaneously presented to the United States Department of Justice and the Administrator of the United States Environmental Protection Agency for their statutory review and comment period of 45 days.  After the review has elapsed, the Consent Decree may be entered by the Court.  If the Consent Decree is not entered by the Court, the Parties shall retain all rights they had in this matter before the Date of Lodging.

## XIII.  SIGNATORIES

23.     Each undersigned representative of a Party to this Consent Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this Consent Decree.

## XIV.  COUNTERPARTS

24.     This Consent Decree may be signed in counterparts.

## XV.  FINAL JUDGMENT

25.      Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the Parties.

63285918.1

THE UNDERSIGNED enter into this Consent Decree and submit it to the Court for approval and entry.

SO ORDERED:

_____
United States District Judge

Dated this _____ day of _____, 2018

*/s/ A. Nathaniel Chakeres*
A. Nathaniel Chakeres
Coberly & Martinez LLLP
1322 Paseo de Peralta
Santa Fe, NM 87501
nat@coberlymartinez.com

*/s/ Samantha Ruscavage Barz*
Samantha Ruscavage-Barz
WildEarth Guardians
516 Alto Street
Santa Fe, NM 87501
sruscavagebarz@wildearthguardians.org

*Attorneys for Plaintiff Wildearth Guardians*


s/ Colin C. Deihl
Colin C. Deihl, # 19737
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202-2498
Telephone: (303) 572-9300
Facsimile: (303) 572-788
cdeihl@polsinelli.com
*Attorneys for Colorado Springs Utilities,*
*Colorado Springs Utility Board, and the City of Colorado Springs*

10

63285918.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2018, I filed the foregoing consent decree via CM/ECF, which caused the consent decree to be served electronically on all parties of record.

*/s/ A. Nathaniel Chakeres*
A. Nathaniel Chakeres